IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/23/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

FABRICE AKEUBA AGOWANJI,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
Officer-in Charge, ICE ERO Kansas;
MARCOS CHARLES, Acting Director, ICE;
MARKWAYNE MULLIN, DHS Secretary; and
TODD BLANCHE, Attorney General,

Respondents.

Case No. 26-3353-JWL

**MEMORANDUM AND ORDER**
**AND ORDER TO SHOW CAUSE**

On September 23, 2026, at 2:42 p.m. CDT, petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his imminent removal to a third country without notice and an opportunity to object. Petitioner also filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Expedited Hearing (Doc. # 3). For the reasons set forth below, that motion is **denied**. The Court will expedite briefing on the petition; thus respondents shall file their answer to the petition by **September 25, 2026, at 12:00 p.m. CDT**.

Petitioner alleges that on January 14, 2025, an immigration judge (IJ) ordered his removal but granted deferral of removal to his home country of Cameroon (meaning he

may only be removed to a third country); that he was released in March 2025; then he was re-detained by immigration officials on the morning of September 23, 2026; and that he was told by those officials that the Government planned to remove him to the third country of Burundi on September 24, 2026. Petitioner claims that due process requires that he be given notice of any intent to remove him to a particular third country and a meaningful opportunity to contest that removal by claiming a fear of persecution or torture in that country.[1]

In seeking a temporary restraining order (TRO) and a preliminary injunction, petitioner requests an order restraining the Government from removing him to Burundi while this case is pending unless he is given sufficient notice and opportunity to be heard concerning such removal. In a recent case, this Court denied a motion for a similar TRO enjoining the petitioner's immediate removal to a third country. *See H.C. v. Department of Homeland Security*, 2026 WL 2581873 (D. Kan. Sept. 1, 2026) (Lungstrum, J.). The Court concluded that the petitioner had not shown that the requested injunction fell outside the scope of 8 U.S.C. § 1252(g) and thus that the Court had jurisdiction to enjoin the petitioner's removal. *See id.* at *2. That statute states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action of the Attorney General to . . . execute removal orders against any alien." *See* 8 U.S.C. § 1252(g). Under this provision, the Court lacks jurisdiction to consider even an indirect

[1] Petitioner has not asserted in his petition that he actually does have a credible fear of persecution or torture in Burundi.

challenge to a removal order. *See Gonzalez-Alarcon v. Macias*, 884 F.3d 1266, 1274-75 (10th Cir. 2018). In *H.C.*, the Court concluded as follows:

> Petitioner seeks an order prohibiting her removal pursuant to a final removal order; thus, this case falls within the plain language of the jurisdiction-stripping statute [Section 1252(g)], as petitioner's request arises from the Government's decision to execute a removal order. Because this request falls within the plain terms of the statute, the Court is not persuaded by the cases cited by petitioner that it may nonetheless exercise jurisdiction here.

*See H.C.*, 2026 WL 2581873, at *2 (citation and footnote omitted).

Petitioner has not addressed that case in his petition. In arguing that Section 1252(g) does not prohibit the relief he seeks, petitioner insists that he does not challenge his removal order or even the execution of that removal order, but rather he challenges only his present detention. He cites only one case similarly involving a request for an injunction against removal pending habeas proceedings. In *Arostegui-Maldonado v. Baltazar*, 794 F. Supp. 3d 926 (D. Colo. 2025), a district court ruled that even if Section 1252(g) would prevent it from enjoining the petitioner's removal generally, it did not preclude a narrower injunction requiring adherence to the Government's non-discretionary obligation to provide notice and an opportunity to seek relief before removal to a third country. *See id.* at 946-47. The court did not cite any authority directly supporting that distinction, however. *See id.*

Petitioner also relies on the First Circuit's recent opinion in *D.V.D. v. United States Department of Homeland Security*, __ F.4th __, 2026 WL 2797801 (1st Cir. Sept. 18, 2026). In that case, the court affirmed a judgment in favor of a class that required the Government to provide notice and an opportunity to assert a fear-based claim before a removal to a third country not listed on the removal order. *See id.* The court concluded

that Section 1252(g) did not prohibit its exercise of jurisdiction because the class did not seek to thwart the execution of removal orders, but rather they sought a declaration that the class members could not lawfully be removed to third countries without certain process. *See id.* at *7. That opinion, however, does not persuade this Court that it has jurisdiction to enjoin petitioner's immediate removal. First, the Court does not agree that the Supreme Court has limited Section 1252(g)'s scope to challenges to decisions by the Government to deny discretionary relief, as the Supreme Court made no such pronouncement in the case cited in *D.V.D.* *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 482-85 (1999), *cited in D.V.D.*, 2026 WL 2797801, at *7. In addition, *D.V.D.* did not involve a request for preliminary relief enjoining any particular alien's removal. The First Circuit stressed that its case involved a claim directed at the Government's adoption of particular policies regarding third country removal. *See D.V.D.*, 2026 WL 2797801, at *7. Indeed, the court stated the following in a footnote:

> DHS cites E.F.L. v. Prim, 986 F.3d 959, 965 (7th Cir. 2021), and Rauda v. Jennings, 55 F.4th 773, 777-78 (9th Cir. 2022), for the proposition that "[§] 1252(g) is not limited to only the discretionary aspects of the [three actions specified in the statute]; its text reaches 'any' action taken to 'execute removal orders.'" But these cases differ fundamentally from the present action. Both involved requests from noncitizens that courts delay the execution of their removal orders while certain administrative petitions they had filed remained pending. See E.F.L., 986 F.3d at 961-62; Rauda, 55 F.4th at 775-76. In both cases, the noncitizens sought to avoid the jurisdictional bar by casting their requests as challenges to the government's authority to remove them while their petitions were pending, and in both cases, the court rejected their recharacterization efforts and emphasized that § 1252(g) precludes all challenges to the government's decision to execute a removal order, regardless of how the challenge is framed. See E.F.L., 986 F.3d at 964-965; Rauda, 55 F.4th at 777-78. Here, as we have explained, the class does not challenge the decision to execute their removal orders. Rather, it seeks a declaration that class members are entitled to effective notice and a

> meaningful opportunity to raise fear-based claims if the government seeks to carry out their removals to countries not contemplated by their removal orders.

*See id.* at *8 n.5. The present case is more akin to the cases distinguished by the First Circuit in *D.V.D.*, as here (as in *E.F.L.* and *Rauda*) petitioner seeks preliminary injunctive relief prohibiting removal during the pendency of certain proceedings, and thus he does challenge a decision to execute a removal order. Accordingly, the Court is not persuaded by the opinion in *D.V.D.* that Section 1252(g) does not prohibit the particular injunctive relief sought here.

As the Court concluded in its previous case, an injunction against an alien's imminent removal (as requested here) falls squarely within the plain language of Section 1252(g), which prohibits the exercise of jurisdiction to consider a claim directing arising from the execution of a removal order. Accordingly, the Court denies the motion for preliminary injunctive relief.

Petitioner's argument that the Government should afford aliens notice and an opportunity to object before removing them to third countries – as the First Circuit ultimately ruled in *D.V.D.* – seems fair and reasonable, and the Court believes the Government should ordinarily give such aliens a meaningful opportunity to claim a fear of persecution or torture if removed to a selected third country. Whether or not the Court has jurisdiction to consider the merits of petitioner's argument – as well as the merits themselves – may be addressed by the Government in its response, which the Court expedites in these circumstances.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Expedited Hearing (Doc. # 3) is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT respondents are required to show cause by **September 25, 2026, at 12:00 p.m. CDT**, why the writ should not be granted. Copies of this Order shall be transmitted to the parties and the United States Attorney for the District of Kansas.

IT IS SO ORDERED.

Dated this 23rd day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge